Per Curiam,
 

 The plaintiff brought an action to recover under an insurance policy containing an accidental death benefit provision. The defendant paid $1000 due at death not resulting solely through accidental means. To this suit an affidavit .of defense was filed, alleging that as .the insured’s death was due, according to plaintiff’s statement of claim, to “pneumonia which resulted from working under conditions of exposure,” it was not the result directly, independently and exclusively of all other causes from bodily injury effected solely through accidental, external and violent means and, therefore, denied further liability. Pneumonia is a bodily germ disease (See
 
 Connelly v. Hunt Furniture Co.
 
 (N. Y.) 147 N. E. 366;
 
 Burns v. Employers’ Liability Assur. Corp.
 
 (Ohio) 16 N. E. 2nd p. 316.); it may have a traumatic origin, especially where the skin is broken, but such an injury was not alleged or proven. The policy contained an express provision that the double indemnity is not payable if death results directly or indirectly from any bacterial infection other than an infection resulting from a wound caused by accidental, external and violent means.
 

 In view of the undisputed facts and the clear language in the policy, the court below very properly concluded that the insured did not .sustain a bodily injury through accidental means within terms of the policy and correctly sustained the questions of law raised by defendant in its affidavit of defense.
 

 Judgment affirmed.